UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| J.B. CATTLE HOLDINGS LLC,<br><br>Plaintiff,<br><br>v.<br><br>ZAC ZANE FANCHER, et al.,<br><br>Defendants. | Case No. 1:25-cv-01425-KES-SAB<br><br>ORDER SUA SPONTE REMANDING ACTION TO TULARE COUNTY SUPERIOR COURT<br><br>Doc. 1 |

  This is an unlawful detainer action originally brought under California law by plaintiff J.B. Cattle Holdings LLC against defendants Zac Zane Fancher and Jesse Fancher. On October 27, 2025, defendants, proceeding pro se, removed the case to this Court from the Tulare County Superior Court. Doc. 1. After reviewing the record and the papers, the Court, *sua sponte*, ORDERS this action be remanded to the Tulare County Superior Court.

  "'Federal courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute.'" *Gunn v. Minton*, 568 U.S. 251, 256 (2013) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)); *Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 552 (2005). A district court has "a duty to establish subject matter jurisdiction over the removed action *sua sponte*, whether the parties raised the issue or not." *United Investors Life Ins. Co. v. Waddell & Reed, Inc.*, 360 F.3d 960, 967 (9th Cir. 2004). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction,

1   the case shall be remanded." 28 U.S.C. § 1447(c); *Demartini v. Demartini*, 964 F.3d 813, 818
2   (9th Cir. 2020).

3   Section 1447(c) "is strictly construed against removal jurisdiction, and the burden of
4   establishing federal jurisdiction falls to the party invoking the statute." *Acad. of Country Music v.*
5   *Cont'l Cas. Co.*, 991 F.3d 1059, 1061 (9th Cir. 2021) (quoting *Cal. ex rel. Lockyer v. Dynegy,*
6   *Inc.*, 375 F.3d 831, 838 (9th Cir. 2004)). If there is doubt as to the right of removal, a federal
7   court must reject jurisdiction and remand the case to state court. *Matheson v. Progressive*
8   *Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). If the defendant fails to meet its burden
9   of establishing subject matter jurisdiction, the action must be remanded. 28 U.S.C. § 1447(c);
10  *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 582 F.3d 1083, 1087 (9th Cir. 2009) ("The
11  defendant bears the burden of establishing that removal is proper."). Where it appears, as it does
12  here, that the district court lacks subject matter jurisdiction over a removed case, "the case shall
13  be remanded." 28 U.S.C. § 1447(c).

14  An action may be removed to federal court if the federal court could exercise original
15  jurisdiction over the action. 28 U.S.C. § 1441(a). Here, defendants assert the Court has
16  jurisdiction over this action under 28 U.S.C. § 1331 and 1332. *See* Doc. 1 at 1. Although
17  removal is proper when an action presents a federal question or where there is diversity of
18  citizenship among the parties and the amount in controversy exceeds $75,000, *see* 28 U.S.C.
19  §§ 1331, 1332(a), the Notice of Removal fails to establish federal question jurisdiction or
20  diversity jurisdiction.

21  "The presence or absence of federal question jurisdiction is governed by the 'well-pleaded
22  complaint rule,' which provides that federal jurisdiction exists only when a federal question is
23  presented on the face of the plaintiff's properly pleaded complaint." *California ex rel.*
24  *Sacramento Metro. Air Quality Mgmt. Dist. v. United States*, 215 F.3d 1005, 1014 (9th Cir. 2000)
25  (internal citation and quotation marks omitted). Under the well-pleaded complaint rule, courts
26  look to what "necessarily appears in the plaintiff's statement of his [or her] own claim in the bill
27  or declaration, unaided by anything alleged in anticipation of avoidance of defenses which it is
28  thought the defendant may interpose." *Id*. (internal citation and quotation marks omitted). The

1 complaint attached to the Notice of Removal indicates that the only cause of action asserted by
2 the plaintiff is unlawful detainer, which arises under state law and does not provide a basis for
3 federal question jurisdiction.  *See Federal National Mortgage Association v. Suarez*, No. 1:11-cv-
4 01225-LJO-GSA, 2011 WL 13359134, at *2 (E.D. Cal. July 27, 2011) ("Unlawful detainer
5 actions are strictly within the province of state court"); *Mathew v. O'Malley*, No. 21-cv-02216-
6 JST, 2021 WL 2981978, at *2 (N.D. Cal. July 15, 2021) (collecting cases).

7      Likewise, defendants fail to properly plead a basis for diversity jurisdiction.  Under 28
8 U.S.C. § 1332(a), district courts have diversity jurisdiction over actions where the amount in
9 controversy exceeds $75,000 and the parties are diverse in citizenship.  "Where it is not facially
10 evident from the complaint that more than $75,000 is in controversy, the removing party must
11 prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional
12 threshold." *Matheson*, 319 F.3d at 1090.  Defendants fail to properly plead the amount in
13 controversy.  Although defendants indicate that the subject property's value exceeds $75,000,
14 "[i]n an unlawful detainer action, the appropriate measure of damages is the amount sought in the
15 complaint, not the value of the property." *Ward v. Hernandez*, No. EDCV 13-01458 JGB, 2013
16 WL 5840445, at *3 n.1 (C.D. Cal. Oct. 25, 2013).  Accordingly, the defendants fail to properly
17 plead this Court has diversity jurisdiction over this action.

18      For the reasons stated above, the Court lacks subject matter jurisdiction over this action.
19 //
20 //
21 //
22 //
23 //
24 //
25 //
26 //
27 //
28 //

**CONCLUSION**

Accordingly:

1. This action is REMANDED to the Tulare County Superior Court, pursuant to 28 U.S.C. § 1447(c), for lack of subject matter jurisdiction.
2. The Clerk of Court shall mail a copy of this order to the clerk of the Tulare County Superior Court.
3. The Clerk of Court is directed to close this case.

IT IS SO ORDERED.

Dated:   October 30, 2025

UNITED STATES DISTRICT JUDGE

4